United States District Court
Southern District of New York
_____

AGNES HOWELL,

                        Plaintiff,              05 Civ. 8233 (JGK)

        - against -                        MEMORANDUM OPINION AND
                                                  ORDER

THE NYC LEADERSHIP ACADEMY, INC.,

                        Defendant.
_____

JOHN G. KOELTL, District Judge:

        This motion for costs arises from an employment

discrimination action brought by the plaintiff, Dr. Agnes

Howell, against the defendant, The NYC Leadership Academy (the

"Academy").  The action was removed from the New York State

Supreme Court, New York County, to this Court on September 23,

2005.  On June 29, 2007, the defendant moved for summary

judgment.  On March 26, 2008, the Court denied the motion.  On

August 28, 2008, the defendant made an Offer of Judgment

pursuant to Fed. R. Civ. P. 68 to allow the plaintiff to take a

judgment against it in the amount of $75,000.  The plaintiff

rejected the Offer of Judgment.  Trial commenced on October 6,

2008, and on October 13, the jury returned a verdict for the

defendant.  On October 20, 2008, the Court entered judgment in

favor of the defendant.  The plaintiff filed a Notice of Appeal

on November 19, 2008.

1

The defendant now moves for costs in the amount of $6,326.56 against the plaintiff, pursuant to Rules 54(d) and 68(d) of the Federal Rules of Civil Procedure.  However, the defendant is not seeking to enforce any judgment of costs until either the plaintiff's appeal is decided, or the plaintiff's time to perfect her appeal expires without her having done so, whichever occurs first.  The defendant requests only the "taxation," or determination, of costs, with any judgment to be stayed until the plaintiff's appeal is resolved.

I

The defendant's motion for costs is governed by Rules 54(d) and 68(d) of the Federal Rules of Civil Procedure.

Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The term "costs" refers to the categories of "taxable costs" enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).  The costs enumerated in 28 U.S.C. § 1920 are:

(1)  Fees of the clerk and marshal;

(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees   and   disbursements   for   printing   and witnesses;

(4)   Fees for exemplification and the costs of making copies   of   any   materials   where   the   copies   are necessarily obtained for use in the case;

(5)   Docket   fees   under   section   1923   of   this   title; and,

(6)   Compensation   of   court   appointed   experts, compensation of interpreters, and salaries, fees, expenses,   and   costs   of   special   interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Rule 68(d) applies in situations where an Offer of Judgment has been made and rejected.   The rule provides: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."   Fed. R. Civ. P. 68(d).

The Local Rules established by this Court also contain a provision, Local Rule 54.1, governing requests for costs.   In relevant part, Local Rule 54.1 provides as follows:

(a)   **Request to Tax Costs.**   Within thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal . . . any party seeking to recover costs shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation.   Costs will not be taxed during the pendency of any appeal . . . . The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred.   Bills for the costs claimed shall be attached as exhibits.

(b)  **Objections to Bill of Costs.**  A party objecting to any cost item shall serve objections in writing prior to or at the time for taxation. The clerk will proceed to tax costs at the time noticed and allow such items as are properly taxable.  In the absence of written objection, any item listed may be taxed within the discretion of the court.

(c)  **Items Taxable as Costs.**

.   .   .   .

**(2) Depositions**.  Unless otherwise ordered by the court . . . . Costs for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion.  Costs for depositions taken solely for discovery are not taxable.


II


The defendant moves for costs in the amount of $6,326.56 under Fed. R. Civ. P. 54(d) on the basis of expenses it incurred in defending this action through the trial stage.  The defendant has demonstrated that it indeed incurred $6,326.56 of expenses in defending this action.  (See Deft.'s Exs. E-L.)  The plaintiff does not substantively challenge the defendant's representations with respect to its costs.  Rather, the plaintiff raises three procedural issues in opposition to the defendant's motion.  First, the plaintiff argues that the defendant's motion is premature under Local Rule 54.1, because an appeal is pending.  Second, the plaintiff urges that the

defendant is not entitled to recover costs for certain pre-trial depositions where those depositions were not used at trial or submitted by the defendant in a dispositive motion.  Third, the plaintiff requests that if the Court does award costs on this motion, it stay the enforcement of the judgment until the resolution of the plaintiff's appeal in this case.

With respect to the plaintiff's first argument, the plaintiff is correct that the defendant did not follow the procedures outlined in Local Rule 54.1 to the letter.  The defendant made its request for costs before the final disposition of the plaintiff's appeal.  The plaintiff urges that the directive in Local Rule 54.1 that "[c]osts will not be taxed during the pendency of any appeal" prevents the Court from deciding the defendant's motion for costs until the resolution of the appeal.  But "[t]he decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court."  LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995).  The directive in Local Rule 54.1 does not purport to interfere with that discretion; rather, it plainly refers to the taxation of costs by the Clerk's Office, which is the subject of the rule.  See Local Rule 54.1(b) ("The clerk will proceed to tax costs . . . .").  It does not compel a district court to delay in deciding a motion that is fully briefed before it, simply because the

5

moving party brought its application prematurely under the local rules.  See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 108 n.2 (2d Cir. 2006) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local rules, and [n]othing in the Civil Rules of the Southern District requires a court to punish a party for noncompliance.") (internal quotation marks and citation omitted) (alteration in original).

The Court is similarly unrestricted in its discretion by the defendant's failure properly to file its request for costs with the Clerk's Office rather than move directly for costs before the Court, a procedural error the plaintiff does not raise as an issue.  See Gala Jewelry, Inc. v. Harring, No. 05 Civ. 7713, 2007 WL 684002, *1 (S.D.N.Y. Mar. 1, 2007) ("[The] defendant objects to a grant of costs to plaintiff on the ground that plaintiff did not first timely submit the basis for the award of costs to the Clerk of this Court as required by Fed. R. Civ. P. 54(d) and Local Rule 54.1.  But the procedure established by these rules is permissive, and the failure to follow it does not deprive the Court of power to tax costs.").

In this case, sound discretion advises against denying the motion for costs or declining to hear it based on the defendant's procedural errors.  The motion is already fully briefed and ripe for decision.  Deciding the motion at this time

will allow the plaintiff to include any objections to the
decision in her appeal in this case.  The alternative of waiting
to rule on the motion for costs would create the possibility of
two separate appeals – the appeal that is currently pending and
any appeal of the judgment of costs.  It is far more efficient
to consolidate any appeal of the judgment of costs with the
pending appeal.  In addition, it makes no difference that this
request for costs bypassed the Clerk's Office, because the
request would have come before this Court anyway in light of the
plaintiff's objections.  See Whitfield v. Scully, 241 F.3d 264,
269 (2d Cir. 2001) ("A district court reviews the clerk's
taxation of costs by exercising its own discretion to decide the
cost question [it]self.") (internal quotation marks omitted)
(alteration in original).  Moreover, because the defendant has
agreed to a stay of the enforcement of any judgment of costs,
there is no prejudice to the plaintiff in deciding the motion
before her appeal is resolved.

For these reasons, the Court exercises its sound discretion
to decide the fully briefed motion for costs and overlook the
moving party's noncompliance with the procedural requirements of
Local Rule 54.1.  Cf. Pierre v. City of New York, No. 05 Civ.
5019, 2008 WL 1700441, at *2 n.1 (E.D.N.Y. Apr. 9, 2008)
(exercising discretion to disregard plaintiffs' failure to
comply with procedural requirements of Local Rule 54.1 where,

among other things, "[b]oth parties have expended time and
resources in briefing the instant motion" and "defendants cannot
– and, in fact, do not – claim that they have been prejudiced by
plaintiffs' delay.").

With respect to the plaintiff's second argument, that the
defendant is not entitled to recover costs for certain pre-trial
depositions where those depositions were not used at trial or
submitted by the defendant in a dispositive motion, counsel for
the plaintiff represents that "if these depositions were in fact
used . . . in a dispositive motion, then plaintiff concedes the
issue and would withdraw this portion of her opposition." (Zu
Affirmation ¶ 15 n.1.)  Counsel for the plaintiff admits that he
has not yet reviewed the underlying litigation file to determine
whether the depositions for which the defendant has billed the
plaintiff were used in a dispositive motion.  (Zu Affirmation ¶
15 n.1.)

The defendant seeks to bill the plaintiff for the
depositions of four witnesses: the plaintiff, Ilene Friedman,
Elizabeth Phillips, and Claire McIntee.  A review of the
defendant's motion for summary judgment reveals that the
defendant used all four of these depositions in that motion,
through extensive reliance on the facts to which the witnesses
testified, and corresponding citations to paragraphs of the
defendant's Statement of Undisputed Material Facts Pursuant to

Local Civil Rule 56.1 that refer to the witnesses' testimony. Therefore, the plaintiff is deemed to have withdrawn this portion of her opposition.

With respect to the third issue raised by the plaintiff, the request that the Court stay the enforcement of any judgment of costs until the resolution of the plaintiff's appeal, the defendant has already consented to this request, and it is reasonable to stay enforcement of the award to await the disposition of any appeal or the expiration of the time to appeal.

Because the defendant has demonstrated through affirmations of counsel and the attached exhibits that it has incurred $6,326.56 in costs to defend this case, and because the issues raised by the plaintiff in opposition to the taxation of costs are insufficient for the reasons explained above, the taxation of costs in the amount of $6,326.56 against the plaintiff is warranted under Fed. R. Civ. P. 54(d).

The defendant also moves for costs under Fed. R. Civ. P. 68(d). However, it does not seek to enforce any judgment under Rule 68(d), because the costs to which it is entitled under that rule are duplicative of the costs to which it is entitled under Rule 54(d).

The defendant does not specify the amount of costs to which it is entitled under Rule 68(d). The defendant made an Offer of

Judgment on August 28, 2008, which was rejected by the
plaintiff.  The total amount of costs incurred by the defendant
in defending this action after August 28, 2008 was $2,825.71.
(See Deft.'s Exs. I-L.)  Therefore, the Court determines that
the defendant is entitled under Rule 68(d) to costs against the
plaintiff in the amount of $2,825.71.  However, this judgment
shall not be enforced, because the costs it reflects are
duplicative of the costs to which the defendant is entitled
under Rule 54(d)(1).

CONCLUSION

For all of the foregoing reasons, the defendant's motion
for costs against the plaintiff in the amount of $6,326.56 is
**granted**.  Enforcement of the judgment is **stayed** until the
resolution of the plaintiff's appeal in this case.  The
defendant's motion for costs incurred after its Offer of
Judgment was made is also **granted**, in the amount of $2,825.71.
However, because this amount is duplicative of the
costs assessed under Fed. R. Civ. P. 54(d)(1), the judgment
**shall not be enforced.**

SO ORDERED.

Dated:  New York, New York
        December 20, 2008

John G. Koeltl
United States District Judge

10